UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12342-RGS

COOK & COMPANY INSURANCE SERVICES, INC.

v.

VOLUNTEER FIREMEN'S INSURANCE SERVICES, INC.

MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED

September 17, 2015

STEARNS, J.

Plaintiff Cook & Company Insurance Services, Inc. (Cook) is an insurance brokerage corporation that offers both "injured on duty" (IOD) insurance and third-party claims administration to municipalities. Defendant Volunteer Firemen's Insurance Services, Inc. (VFIS) is an insurance broker that underwrites coverage for IOD insurance. From 2002 until 2013, Cook sold a number of IOD policies purchased from VFIS, and was VFIS's exclusive third-party claims administrator for IOD policies. Brad Preston is VFIS's "regional director." His insurance business, Gowrie, Barden & Brett Inc. (Gowrie) competes with Cook.

BACKGROUND

In 2012, Gowrie learned from a Cook employee, Roy McNamee, that Cook planned to move IOD business away from VFIS to other insurers.  Cook claims that VFIS and Gowrie, acting in concert, hired McNamee and two other employees away from Cook, in order to establish an in-house claims administration service at Gowrie.  Gowrie promoted its new service with advertisements featuring VFIS's licensed trademark.  Cook claims that this advertisement, coupled with other communications by Gowrie, misled customers into believing that VFIS had replaced Cook with Gowrie as its exclusive third-party claims administrator, and that the ensuing confusion damaged Cook's business.  Cook alleges tortious interference with contractual relations (Count I), civil conspiracy (Count II), and violations of Mass. Gen. Laws ch. 93A §§ 2 and 11 (Count III), all against VFIS (but not Gowrie).

In a related case, *Cook & Company Insurance Services v. Volunteer Firemen's Insurance Services*, No. 1:14-cv-14384 (D. Mass. Mar. 12, 2015), this court dismissed without prejudice virtually identical claims brought by Cook against VFIS, based upon essentially the same facts.  Undaunted, Cook then filed the instant action on June 16, 2015.  VFIS subsequently moved to

dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations of the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires more than "labels and conclusions" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In ruling on a motion to dismiss, the court may consider, *inter alia*, "documents central to plaintiffs' claim; or documents sufficiently referred to in the complaint." *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). Cook's Complaint includes a series of exhibits

---

[1] VFIS makes two arguments in its motion to dismiss: first, that the action is barred by the doctrine of *res judicata*; and second, that Cook has failed to plead sufficient facts to support its claims. VFIS devotes the entirety of its Reply to the first argument. Cook's previous action was dismissed "without prejudice," which "does not operate as an adjudication on the merits." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). VFIS's first contention is therefore without merit, and the court will consider the second argument only.

meant to bolster Cook's factual allegations, some of which were not offered in the previous action.

As before, Cook's Complaint alleges that Gowrie poached Cook's employees; that it announced the hiring of those employees by way of an advertisement containing VFIS's licensed trademark; that Preston and Gowrie sought to persuade VFIS's customers to switch from Cook to Gowrie for claims administration; that in so doing, Preston and Gowrie intimated that Gowrie would ultimately become VFIS's exclusive third-party administrator (as Cook had previously been); and that VFIS did ultimately terminate its business relationship with Cook.  None of these alleged facts, without more, suggests an "improper . . . motive or means" upon which the viability of a claim for tortious interference depends. *G.S. Enters. v. Falmouth Marine, Inc.*, 410 Mass. 262, 272 (1991).

First, Cook has failed to plead any facts that would permit a reasonable inference that VFIS "intentionally and knowingly misled" customers into believing that Gowrie was to become the sole provider of VFIS claims administration.  Compl. ¶ 38.  Cook cites only communications from Gowrie, rather than from VFIS.  These include no more than Preston's speculation that it was "likely" VFIS would require that customers switch to Gowrie in the future.  Compl. - Ex. 2.  Moreover, given that VFIS did indeed terminate

4

its business relationship with Cook, Preston's musings can hardly be considered false or even misleading.  "One who intentionally causes a third person not to perform a contract or not to enter into a prospective contractual relation with another does not interfere improperly with the other's contractual relation, by giving the third person . . . truthful information."  Restatement (Second) of Torts § 772 (1979).

In opposing the motion to dismiss in the previous action, Cook produced an advertisement placed by Gowrie, printed with VFIS's trademark, promoting Gowrie's new claims handling service. As this court stated in its decision in the related case, and will state again, "The circular mailed by Gowrie . . . does not state or even remotely imply that it is the exclusive provider of third-party claims administration services for VFIS." Order Granting Motion to Dismiss, *Cook & Co. Ins. Servs. v. Volunteer Firemen's Ins. Servs.*, No. 14-cv-12621  (D. Mass. Mar. 12, 2015), Dkt. 21. Cook now cites a letter from Preston to the Town of Braintree, also with VFIS's trademark, in which Preston "propos[ed] a change to our in-house claims division, [to] Gowrie Claims Services."  Compl. - Ex. 4.  Cook alleges in its Opposition that this letter "created the impression . . . that Cook could not provide TPA services."   Opp'n at 8.  This is an exaggeration.  While the letter recommends that the municipality switch from Cook to Gowrie for

claims administration, it does not state or imply that Cook was incapable of providing those services.  No objective recipient of the letter could possibly draw the conclusion argued by Cook, that "no customer [taking the letter and advertisement together] could have thought anything other than that Cook was out of the claims business." *Id.*

Cook supplements its previously rejected allegations that the poaching of McNamee and the other at-will employees constituted tortious interference by pointing to the *timing* of their hiring by Gowrie. Cook argues that the timing was intended to "leave Cook without any staff competent to solicit renewals in competition with Gowrie." *Id.*  Cook has failed, however, to allege facts suggesting any improper motive that surpasses the permissible bounds of rough-and-tumble business competition.  That the timing of the alleged poaching, even if carefully plotted, was unfortunate for Cook (and consequently beneficial for Gowrie as one of Cook's competitors) does not make the conduct tortious or anticompetitive.  *See Pembroke Country Club, Inc. v. Regency Sav. Bank, F.S.B.*, 62 Mass. App. Ct. 34, 39 (2004):

> Because the defendant's purpose was the legitimate advancement of its own economic interest, that motive is not "improper" for purposes of a tortious interference claim. That the plaintiff may have suffered a loss as a consequence of the defendant's pursuit of its own interest is a by-product of a competitive marketplace; it does not render the defendant's effort tortious.

As this court has previously stated, where no plausible claim for tort liability (or coercion) has been pled, no action for conspiracy may lie. Cook now alleges that the actions of VFIS and Gowrie constituted "wrongful economic coercion," but has alleged no facts which suggest that VFIS and Gowrie, acting together, possessed any "peculiar power of coercion" which the parties lacked individually. *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1563 (1st Cir. 1994). With or without Gowrie, VFIS was free to use its "own independent discretion" to terminate its brokerage arrangement with Cook, and to replace Cook as its preferred third-party administrator, if it so chose. *United States v. Colgate & Co.*, 250 U.S. 300, 307 (1919).

ORDER

For the foregoing reasons, the Clerk will DISMISS the Complaint as to all counts and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE